**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOSEPH PHILLIP PRECIADO JR.,

Plaintiff,

v.

PACIFIC SHIP REPAIR & FABRICATION, INC.,

Defendant.

Case No.: 26-cv-03773-DMS-VET

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING COMPLAINT**

On June 29, 2026, Plaintiff Joseph Phillip Preciado Jr., proceeding *pro se*, filed this action against Defendant Pacific Ship Repair & Fabrication, Inc. (Compl., ECF No. 1). Plaintiff seeks enforcement of a supplementary order declaring default issued by the U.S. Department of Labor, Office of Workers' Compensation Programs ("OWCP") pursuant to section 18(a) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). (*Id.* at 3); 33 U.S.C. § 918(a). Plaintiff concurrently filed a Motion to Proceed *In Forma Pauperis* ("Motion"), which is currently pending before the Court. (Mot., ECF No. 2). For the following reasons, the Court grants Plaintiff's Motion, finds that the Complaint survives screening, and directs the U.S. Marshal to effectuate service.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee

of $405. 28 U.S.C. § 1914(a)–(b).[1] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). (Mot. 1). Plaintiff reports that he is disabled and has not received any income since February 2025. (*Id.* at 1–2, 4). Plaintiff reports that he has $100 in cash and $100 in a checking account with his only other asset being a co-owned family home worth $195,000 that is still being paid off. (*Id.* at 2–3). Plaintiff itemizes monthly expenses totaling $2,277, which are paid entirely by his family. (*Id.* at 4–5). The Court finds that Plaintiff has sufficiently demonstrated that he cannot "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, the Court grants Plaintiff's Motion to Proceed *IFP*.

## II. *SUA SPONTE* SCREENING

### A. Background

On June 27, 2012, Plaintiff was awarded compensation under the LHWCA in the amount of $443.17 per week for a work-related injury. (ECF No. 1-2 at 1); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). On February 1, 2025, Defendant failed to pay compensation due to Plaintiff under the award. (*Id.* at 4). On April 23, 2025, Plaintiff requested a declaration of default under LHWCA § 18(a). (*Id.* at 1). On January 30, 2026,

[1] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

the OWCP Western District Director issued a Supplemental Compensation Order finding Defendant in default in the amount of $23,044.84 and assessing an additional $4,608.97 under LHWCA § 14(f), plus interest. (*Id.* at 1, 3–4). Plaintiff now seeks entry of judgment in the declared amounts. (Compl. 7).

**B. Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must screen an *IFP* complaint and dismiss the case if, at any time, it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (confirming § 1915(e)(2)(B) applies to non-prisoners as well). A complaint "is frivolous where it lacks an arguable basis either in law or in fact" and malicious where "it was filed with the intention or desire to harm another." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation modified). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Finally, dismissal is warranted when the plaintiff seeks monetary relief against an immune defendant, as long as the court "has sufficient information to make a determination on immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

**C. Discussion**

The Court now examines the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant with immunity from such relief. As Plaintiff proceeds *pro se*, the Court construes the filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation modified)).

As a preliminary matter, the Complaint is captioned as brought by Plaintiff "by and through his son & authorized representative Joseph Phillip Preciado III" and certain filings are signed by Preciado III on Plaintiff's behalf. (Compl. 1; ECF No. 1-3). However, "the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Accordingly, Preciado III may not represent his father in this action. As the Complaint and *IFP* Motion are signed by Plaintiff personally, the Court construes this action as brought by Plaintiff in his own name. (Compl. 1; Mot. 1). Therefore, all future filings must be signed by Plaintiff himself or a licensed attorney on his behalf.

Under section 18(a) of the LHWCA, if an employer defaults on the payment of a compensation award for more than thirty days, the employee may, within one year, apply to the deputy commissioner for a default order. § 918(a). The applicant may then file a certified copy of the order with the clerk of the federal district court for the judicial district where the employer has its principal place of business or maintains an office. *Id.* The court shall "enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law." *Id.* To be in accordance with the law, the order "must at a minimum specify the amount of compensation due or provide a means of calculating the correct amount without resort to extra-record facts which are potentially subject to genuine dispute between the parties." *Severin v. Exxon Corp.*, 910 F.2d 286, 289 (5th Cir. 1990). Here, Plaintiff has plausibly alleged that the order is in accordance with law because he applied for the order within a year of the default, the order specifies the amount in default, and he alleges that Defendant's principal place of business is in San

Diego, California. (*See* ECF No. 1-2 at 1, 4; Compl. 4). Nothing on the face of Plaintiff's Complaint suggests that the supplementary order was not issued in accordance with law. Accordingly, the Complaint states a claim upon which relief may be granted.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's *IFP* Motion and finds that the Complaint survives § 1915(e)(2) screening.

The Court **ORDERS**:

1. The Clerk of Court shall issue a summons and forward it to Plaintiff with a blank U.S. Marshal Form 285, a certified copy of the operative complaint, and a certified copy of this Order. Plaintiff must fill out U.S. Marshal Form 285 as completely and accurately as possible with the addresses where Defendant may be found or subject to service. *See* CivLR 4.1c. Plaintiff must then return the form to the U.S. Marshal pursuant to the Clerk's instructions.
2. The U.S. Marshal shall serve a copy of the operative complaint, summons, and this Order upon Defendant, as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.
3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendant or counsel for Defendant and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Hon. Dana M. Sabraw
United States District Judge